IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICKEY E. BRINGUS, | ) | |
| Petitioner, | ) ) ) | 4:05cv3022 |
| vs. | ) ) | PROGRESSION ORDER (Habeas Corpus) |
| ROBERT HOUSTON, | ) ) | |
| Respondent. | ) | |

This matter is before the court to facilitate progression of this habeas corpus case filed pursuant to 28 U.S.C. § 2254 by the petitioner, Rickey E. Bringus. The respondent has filed an Answer (filing no. 9), a Designation of Relevant State Court Records (filing no. 10), and the records (filing no. 11). The petitioner has filed a Reply (filing no. 13).

**Pending Motion**

Also before the court is filing no. 7, the petitioner's Motion for appointment of counsel, for a default judgment and for a hearing. Rule 8(c) of the *Rules Governing Section 2254 proceedings in the United States District Courts,* as amended effective December 1, 2004, states:

> Appointing Counsel; Time of Hearing. If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A. The judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare. These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

Pursuant to Rule 8(c), a district court may appoint counsel to represent a habeas corpus petitioner whenever the court determines that the interests of justice so require and if the petitioner's financial status meets the criteria of 18 U.S.C. § 3006A. If an evidentiary hearing is necessary to resolve the issues raised by a § 2254 petition, counsel must be appointed. Otherwise, no constitutional or statutory provision necessitates appointment of an attorney to represent a petitioner in § 2254 proceedings.

Thus, absent an evidentiary hearing, the decision whether to appoint counsel in a habeas case is committed to the discretion of the district court. Morris v. Dormire, 217 F.3d 556 (8th Cir.), cert. denied, 531 U.S. 984 (2000). The factual and legal issues raised by the petition in this case are not unduly complex and numerous. The petitioner has demonstrated a threshold ability to articulate his claims and a capability of

self-representation in this matter. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997). Therefore, appointment of counsel is denied at this time but will be reconsidered sua sponte in the event of an evidentiary hearing.[1]

After the submission of the briefs ordered in this Progression Order, I will determine whether this matter requires an evidentiary hearing. At this time, that request is denied as premature. Finally, the record does not support the part of filing no. 7 in which the petitioner seeks to hold the respondent in default. Thus, filing no. 7 is denied.

## Background

The petitioner alleges violations of his civil rights in connection with his conviction in the District Court of Lancaster County, Nebraska, on or about February 3, 2000. He alleges ten claims, summarized as follows: (1) denial of due process and fair trial when the jury found the petitioner guilty despite the prosecutor's concession regarding the existence of reasonable doubt; (2) ineffective assistance of postconviction appellate counsel; (3) ineffective assistance of trial counsel in failing to investigate, object to evidence, depose witnesses, call a witness, cross-examine, and file a timely motion for new trial; (4) unfair postconviction proceedings; (5) denial of due process and fair trial in defective jury instructions regarding terroristic threats; (6) denial of due process and a jury trial because the jury failed to deliberate, as the jurors returned a verdict in 48 minutes; (7) conviction of possession of a firearm on insufficient evidence; (8) and (9) denial of due process and a fair trial in the denial of motions to suppress statements and evidence and in the admission of that evidence; and (10) denial of due process and a fair trial in the denial of a motion for continuance of trial.

---

[1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sharply curtailed the circumstances in which a federal habeas court may order an evidentiary hearing. 28 U.S.C. § 2254(e)(2) states in pertinent part:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Of the foregoing claims, two are barred and will be dismissed. The others will be addressed by the parties in their briefs, as discussed below.

### Postconviction Proceedings

The petitioner's second and fourth § 2254 claims, based on defects in his state postconviction proceedings, must be dismissed. 28 U.S.C. § 2254(i) states: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." See also Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.), cert. denied, 495 U.S. 936 (1990) (a claim regarding an infirmity in state postconviction proceedings "is collateral to appellant's conviction and detention, and is therefore not cognizable in a 28 U.S.C. § 2254 petition").

Thus, relief under § 2254 is available for violations of federal law leading to a criminal conviction in state court or on direct appeal, but not for violations which occur on collateral review. See, e.g., Coleman v. Thompson, 501 U.S. 722, 752-53 (1991) (a petitioner cannot claim constitutionally ineffective assistance of counsel in § 2254 proceedings); Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir.), cert. denied, 527 U.S. 1056 (1999) (claim of denial of due process in state post-conviction court provided no grounds for federal habeas relief); Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) (errors and irregularities in state post-conviction proceedings are not cognizable on federal habeas review); Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir.), cert. denied 525 U.S. 1024 (1998) (insofar as an alleged constitutional error relates to the state's post-conviction remedy rather than to the judgment of conviction, the alleged error states no cognizable federal habeas claim).

### Procedural Default

The respondent alleges in his Answer that the following claims presented in the petitioner's § 2254 petition are barred by procedural default from consideration on the merits by this court: the petitioner's third, fifth and tenth § 2254 claims.

In O'Sullivan v. Boerckel, 526 U.S. 838 (1999), the United States Supreme Court explained the habeas exhaustion requirement as follows: "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before filing for federal habeas relief. Id. at 845. Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. Id. at 844.

In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition

3

for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See Akins v. Kenney, 410 F.3d 451, 454 (8th Cir. 2005).

## Cause and Prejudice to Excuse Procedural Default

Although the United States Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default, [the Court has] acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice .... Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). However, a federal habeas court is barred from considering an ineffective-assistance-of-counsel claim as "cause" for the procedural default of another claim when the ineffective-assistance claim has itself been inexcusably procedurally defaulted. Id.

Other than ineffective assistance of counsel, "cause" to excuse a procedural default must be based on an objective impediment external to the defense. See, e.g., Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999): "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by officials,' ... made compliance impracticable, would constitute cause under this standard."

On the meaning of "fundamental miscarriage of justice," see, e.g., Bousley v. United States, 523 U.S. 614, 623 (1998): "Petitioner's claim may still be reviewed in [a] collateral proceeding if he can establish that the constitutional error in his [state proceeding] 'has probably resulted in the conviction of one who is actually innocent.'... To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id., *citing* Schlup v. Delo, 513 U.S. 298, 327-28, (1995) (internal quotation marks omitted). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623.

However, no claim of factual innocence may be considered before any other basis for relief. See Dretke v. Haley, 541 U.S. 386, 393-94 (2004): "[A] federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default."

## Merits

Finally, the respondent denies the petitioner's claims on the merits. More specifically, the respondent asserts that all claims which have been considered on the merits by the

Nebraska appellate courts are subject to review under the deferential standard required by 28 U.S.C. § 2254(d). See Williams v. Taylor, 529 U.S. 362 (2000).

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Eighth Circuit Court of Appeals has commented that 28 U.S.C. § 2254(d) leaves a federal habeas court only a "very narrow" scope of review of state-court determinations. Blackwell v. Graves, 349 F.3d 529, 532 (8th Cir. 2003).

*28 U.S.C. § 2254(d)(1)*

In Kinder v. Bowersox, 272 F.3d 532, 537-38 (8th Cir. 2001), the Eighth Circuit explained 28 U.S.C. § 2254(d)(1), *citing* Williams v. Taylor, 529 U.S. 362, 405 (2000):

> Our first step, then, in evaluating a challenge to the state court's application of the law is to determine what, if anything, the Supreme Court has said on the subject. From there, we proceed to take a careful look at the decision of the state court. That decision will be viewed under AEDPA as "contrary to" clearly established federal law if the state court has applied a rule that directly contradicts Supreme Court precedent or has reached a result opposite to a result reached by the Supreme Court on "materially indistinguishable" facts .... As for an "unreasonable application" of the law, we must remember that unreasonable is not the same as incorrect .... The state court's application might be erroneous, in our "independent judgment," yet not "unreasonable."

See also Lockyer v. Andrade, 538 U.S. 63 (2003):

> First, a state court decision is "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless

5

arrives at a result different from our precedent."

Id. at 73 (citations omitted).

>Second, "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."... The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous .... The state court's application of clearly established law must be objectively unreasonable.

Id. at 75 (citations omitted).

*28 U.S.C. § 2254(d)(2)*

28 U.S.C. § 2254(d)(2) must be read together with 28 U.S.C. § 2254(e)(1), which states:

>In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

As explained by the Supreme Court, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 324 (2003).

Therefore, as to any claim not procedurally defaulted or for which the default is excused, the issue in this court is whether the Nebraska courts, in adjudicating the merits of the claim, (1) produced "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) based its decision on an unreasonable factual determination in light of the evidence.

Accordingly, the parties shall file briefs addressing the issues of procedural default, cause and prejudice to excuse any procedural default, the merits of the petitioner's claims, and the deferential standard of review required by 28 U.S.C. § 2254(d).

IT IS THEREFORE ORDERED:

1. That the petitioner's second and fourth § 2254 claims (both concerning his state postconviction proceedings) are dismissed with prejudice;

2. That by December 16, 2005, each party shall file a brief on the issues discussed above;

3 That by January 30, 2006, each party shall file a brief in response to the other party's brief;

4. That unless the court orders an evidentiary hearing, expansion of the record, or additional briefs, this matter will be deemed submitted at the close of this briefing schedule on the basis of the pleadings, the state court record and the briefs; and

5. That filing no. 7, the petitioner's Motion for appointment of counsel, for a default judgment and for a hearing, is denied subject to reconsideration, in part, if appropriate.

November 1, 2005.   BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge