IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICKEY E. BRINGUS,            )<br>                                             )<br>            Petitioner,           )<br>                                             )<br>vs.                                       )<br>                                             )<br>ROBERT HOUSTON,             )<br>                                             )<br>            Respondent.        ) | 4:05cv3022<br><br>MEMORANDUM AND ORDER |

    This matter is before the court on filing no. 20, the Motion for Appointment of Counsel filed by the petitioner, Rickey E. Bringus, and filing no. 21, the petitioner's Motion for Summary Judgment. In his Order on Initial Review (filing no. 8), Magistrate Judge F. A. Gossett gave the respondent two options for responding to Mr. Bringus' Petition for Writ of Habeas Corpus ("§ 2254 petition"). The respondent could either file an Answer to the § 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, or the respondent could limit his response to affirmative defenses by filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b). The respondent filed an Answer (filing no. 9), and I later entered a Progression Order (filing no. 15).

    In the Progression Order, I directed both parties to file initial briefs by December 15, 2005, addressing the issues of procedural default, cause and prejudice to excuse procedural default and the merits of the petitioner's claims. Subsequently, the parties were to file simultaneous reply briefs.

    In filing no. 21, the petitioner's Motion for Summary Judgment, he objects that the respondent has not complied with the Progression Order. However, on review of the respondent's initial brief, I do not agree. The respondent's initial brief does cover the issues of procedural default and the merits of the petitioner's claims. Regarding cause and prejudice to excuse the alleged procedural default, the respondent contends that the petitioner has failed to show any cause. Therefore, the petitioner's Motion for Summary Judgment objecting to the respondent's brief will be denied.

1

However, the Progression Order will be amended to give both parties an extension of time to file their reply briefs. Instead of the deadline of January 30, 2006, each party shall file a reply brief by no later than March 30, 2006. If, by the time the petitioner receives this Memorandum and Order he has already filed his reply brief, he shall have until March 30, 2006 to file an amended brief or a supplement to his reply brief, if he so wishes.

Pursuant to Rule 8 of the *§ 2254 Rules*, a district court may appoint counsel to represent a habeas corpus petitioner whenever the court determines that the interests of justice so require and if the petitioner's financial status meets the criteria of 18 U.S.C. § 3006A. If an evidentiary hearing is necessary to resolve the issues raised by a § 2254 petition, counsel "shall" be appointed. Otherwise, no constitutional or statutory provision necessitates appointment of an attorney to represent a petitioner in § 2254 proceedings. The decision whether to appoint counsel is committed to the discretion of the district court. Morris v. Dormire, 217 F.3d 556 (8th Cir.), cert. denied, 531 U.S. 984 (2000). In determining whether the interests of justice require appointment of counsel for a § 2254 petitioner, "the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors .... Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). In light of those standards, filing no. 20, the petitioner's Motion for Appointment of Counsel, is denied.

THEREFORE, IT IS ORDERED:

1. That filing no. 20, the petitioner's Motion for Appointment of Counsel, is denied;

2. That filing no. 21, the petitioner's Motion for Summary Judgment, is denied;

3. That filing no. 15, the Progression Order previously entered in this case is amended as follows: Each party shall file a reply brief by no later than March 30, 2006; if, by the time the petitioner receives this Memorandum and Order he has already filed his reply brief, he shall have until March 30, 2006 to file an amended brief or a supplement to his reply brief, if he so wishes.

January 27, 2006.  BY THE COURT:

/s *Richard G. Kopf*
United States District Judge