IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICKEY E. BRINGUS, | ) | Case No. 4:05CV3022 |
| | ) | |
| Plaintiff-Petitioner, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |

Dissatisfied with the results of a jury trial and the efforts of his lawyers, Rickey E. Bringus (Bringus) filed a petition pursuant to 28 U.S.C. § 2254 containing ten grounds for relief. (Filing 1.)   After the respondent answered, I directed him to submit the voluminous state court records, and he has done so. (Filings 10-11.)

Among other claims, Bringus attacked the fairness of the state post-conviction proceeding and the effectiveness of his state post-conviction counsel.  However, 28 U.S.C. § 2254 does not cover those types of claims and, accordingly, claims two and four have been dismissed. (Filing 15 at CM/ECF pages 3, 7.) (Citations omitted.) After dismissing those two claims, I also directed the parties to brief the remaining eight claims as to procedural default and the merits. (Filing 15 at CM/ECF pages 3-7.)  They have done so. (Filings 16, 19, 23 and 24.)

Despite the reams of paper that comprise the state court records, and after considering the long and rambling submissions of the petitioner, there is no substance to his claims.   I next explain why that is true.

## I.  BACKGROUND

I first describe the procedural history.   After that, I summarize the nature of this case.

### *Procedural History*

In February of 2000, Bringus, then represented by the Lancaster County Public Defender's office, was found guilty, by a jury, of three felony charges. (*E.g.*, Filing 11-1 at CM/ECF pages 27-34 (minutes from trial court).)   Using new counsel, he appealed to the Nebraska Court of Appeals and the Court of Appeals, in a written opinion, denied the direct appeal. (*E.g.*, Filing 11-4 at CM/ECF pages 1-2 (docket sheet for the Nebraska Court of Appeals and the Nebraska Supreme Court regarding direct appeal).)   The Nebraska Supreme Court summarily denied his petition for further review on July 11, 2001.

On August 29, 2002, and using yet another lawyer, he sought post-conviction relief. (Filing 11-8 at CM/ECF pages 46-53.)   After briefing, initial review and an evidentiary hearing as to certain claims, the trial court, in a brief written opinion, denied the petitioner's request for post-conviction relief on August 1, 2003. (Filing 11-9 at CM/ECF pages 3-4, and CM/ECF pages 32-34.)   Again, he appealed and the Nebraska Court of Appeals summarily affirmed on November 19, 2004. (Filing 11-10 at CM/ECF page 36.)   The Nebraska Supreme Court summarily denied further review on December 29, 2004. (Filing 11-10 at CM/ECF page 3.)

On January 28, 2005, he brought this action. (Filing 1.)   He asserted ten claims: (1) denial of due process and fair trial when the jury found the petitioner guilty despite the concession of the prosecutor that there was reasonable doubt; (2) ineffective assistance of post-conviction appellate counsel; (3) ineffective assistance of trial counsel in failing to investigate, object to evidence, depose witnesses, call a witness, cross-examine and file a timely motion for new trial; (4) unfair post-conviction proceedings; (5) denial of due process and jury trial rights due to defective jury instruction regarding terroristic threats; (6) denial of due process because the jury deliberated less than 1 hour; (7) conviction of possession of a firearm on insufficient evidence; (8) and (9) denial of due process and a fair trial regarding the denial of

motions to suppress statements and evidence and in the admission of that evidence; and (10) denial of due process and fair trial in the denial of a motion for continuance of trial.

## Nature of the Case

Bringus had previously been convicted of armed robbery, and he had twice violated his parole.[1]  Nonetheless, in the spring of 1999, the petitioner was free and living in Lincoln, Nebraska.

On May 28, 1999, in the early evening, Bringus decided to socialize with some acquaintances at a home in Lincoln.  After spending some time with the group, he left the gathering.   Bringus returned around 2:00 A.M.   Apparently, he was upset. Witnesses said that he put a gun to a man's throat.  The man escaped and ran away as did the other people who were at the home.  Evidence would later establish that a gun was discharged.

The police were called, and an officer quickly arrived at the scene.   Bringus spotted the officer and ran.  After a foot chase, the officer caught him.

While racing after Bringus, the officer heard something metallic fall to the ground.  Using a flashlight, the officer found a gun lying on the cement near where Bringus had been tackled.  The officer retrieved the weapon.  As he was being taken to jail, and in an unsolicited but damaging remark, Bringus said, "that guy gave a gun to me and I was the only one that hadn't been drinking and that's why I ran." (Filing

---

[1]A detailed description of this case is contained in the 23-page opinion of the Nebraska Court of Appeals denying Bringus relief on direct appeal.  (Filing 11-5 at CM/ECF pages 34-56.)

-3-

11-5 at CM/ECF page 38.)  That afternoon, the police found a spent shell casing near the home.  Ballistics testing matched the casing with the weapon found near Bringus.

Following a short trial, where several eye witnesses testified that Bringus had put a gun to the victim's throat, the jury deliberated less than one hour and returned a verdict finding Bringus guilty of making terroristic threats, using a weapon to commit a felony and being a felon in possession of a deadly weapon.  The very experienced and extremely capable state district judge, who had presided over the trial, sentenced Bringus to 8 to 18 years in prison.

## *II.  ANALYSIS*

I will first state the general legal principles that I apply in this case.  After that, I will briefly address the petitioner's claims.

### *General Principles*

Before addressing specifics, it is helpful to set out the general legal principles that govern this case.  Those principles are set forth below.

*        As for the standard of review, when a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law.  See 28 U.S.C. § 2254(d).  Sometimes, however, it will be difficult to determine what the state courts did and therefore difficult to determine what standard of review is appropriate.  See, e.g., Pfau v. Ault, 409 F.3d 933, 939 (8th Cir. 2005).  In those circumstances, a court may choose "to avoid entanglement" with state procedural questions, and apply a de novo standard of review.  Id.  That is particularly so where a "Sixth Amendment ineffective assistance [of counsel] claim is doomed to failure whether we apply a de novo standard or follow AEDPA's mandate."  Id.

\*      With regard to the deference owed to factual findings of a state court's decision on the merits, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

\*      With regard to the deference owed to the conclusions of law set forth in a state court's decision on the merits, a federal court may not grant a writ of habeas corpus unless the state court's legal conclusion "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

\*      In general, a habeas petitioner must first present each claim he wishes to litigate in federal court to the state courts.  28 U.S.C. § 2254(b)(1).  See also Anderson v. Harless, 459 U.S. 4, 6, (1982) (A claim is properly presented when the state courts are given a "'fair opportunity' to apply controlling legal principles to the facts bearing upon [the claim].") (quoting Picard v. Connor, 404 U.S. 270, 275, 277-78 (1971)).

\*      Under Nebraska law, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." State v. Lotter, 664 N.W.2d 892, 922 (Neb. 2003).  Accord Hall v. State, 646 N.W.2d 572, 579 (Neb. 2002).

\*      Under Nebraska law, multiple post-conviction actions are generally prohibited.  As a general rule, Nebraska courts "will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior

motion. . . . The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity."  State v. Moore, 718 N.W.2d 537, 542 (Neb. 2006) (death penalty case; holding that constitutional challenge to statutorily mandated method of execution was procedurally barred) (citing State v. Ortiz, 670 N.W.2d 788 (Neb. 2003) and State v. Ryan, 601 N.W.2d 473 (Neb. 1999)). In this court, we will ordinarily presume that a second state post-conviction action cannot be filed and a federal claim, not previously presented to the state courts, will be held in procedural default unless the petitioner establishes his entitlement to the "unavailability" exception.

\*      If a petitioner fails to "fairly present" his claim to the state courts, and he can no longer present the claim to the state courts because, for example, a state court rule prohibits serial litigation, then the federal court will be precluded from considering the claim *unless* the petitioner can fit himself into one of two exceptions. See, e.g., Winfield v. Roper, 460 F.3d 1026, 1034 (8th Cir. 2006).  That is, the petitioner must demonstrate "cause and prejudice" or a "miscarriage of justice" (like "actual innocence") in order to prosecute a claim when that claim has not been, and cannot be, asserted in the state courts.  Id.

\*      Because there is no Sixth Amendment right to effective assistance of post-conviction counsel, a federal habeas petitioner cannot rely on the ineffectiveness of his post-conviction counsel in failing to raise in the state courts a claim he wishes to litigate in federal court.  See, e.g., Interiano v. Dormire, 471 F.3d 854, 856-57 (8th Cir. 2006)  (citing and quoting Armstrong v. Iowa, 481 F.3d 924, 927 (8th Cir. 2005), cert. denied, 126 S.Ct. 1351 (2006).).

\*      In Nebraska, once you have had an opportunity to present an ineffective assistance of counsel claim in a post-conviction action, you cannot file another such action by changing your assertion about how your lawyer erred.  See, e.g., State v. Luna, 434 N.W.2d 526, 528 (Neb. 1989) (holding that district court's order denying

-6-

an evidentiary hearing and overruling prisoner's motion for post-conviction relief alleging ineffective assistance of counsel was not erroneous, where defendant had previously made motion for post-conviction relief alleging ineffective assistance of counsel which was denied, even though allegations in new motion were grounded in different errors allegedly committed by counsel than those cited in prior post-conviction relief attempt).

*      As for resolution of the merits of a claim in federal court, no evidentiary hearing is necessary as to an issue that may be resolved as a matter of law based either on undisputed facts or on the applicant's version of the facts, taken as true. See, e.g., Johnston v. Luebbers, 288 F.3d 1048, 1059 (8th Cir. 2002) (district court did not abuse its discretion in denying habeas corpus petitioner's request for an evidentiary hearing on claim that his counsel was ineffective where record already contained facts necessary to resolve the claim).

*      Even when there is a procedural question presented, a court may alternatively reach the merits where the record is adequate to do so. See, e.g., Winfield, 460 F.3d at 1038 (where the record before the court, which included the original transcripts, the record of the state court's evidentiary hearing, the petitioner's habeas petition, and numerous briefs, presented adequate information upon which to base a decision on the merits of the petitioner's ineffective assistance of counsel claim, a court may alternatively consider the merits of the petitioner's claim rather than concentrating only on procedural questions); Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir. 1999) ("Although the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated.") (en banc).  Indeed, 28 U.S.C. § 2254(b)(2) provides: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."

     *     As for the elements of a claim of ineffective assistance of counsel, there are two requirements:

> To be eligible for habeas relief based on ineffective assistance of counsel [the petitioner] must meet the two part test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). He must first establish that counsel's representation was constitutionally deficient, which requires a showing that counsel's performance fell below an objective standard of reasonableness. Id. at 687-88; Wiggins v. Smith, 539 U.S. 510 (2003). If he establishes that, [the petitioner] must then show that the deficient performance prejudiced his defense. Strickland, 466 U.S. at 687. This requires proving that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been more favorable to [the petitioner]. Id. at 690-91. A reasonable probability is one "sufficient to undermine confidence in the outcome." Wiggins, 539 U.S. at 534. Merely showing a conceivable effect is not enough.

> Winfield, 460 F.3d at 1033.

### *Claim 1*

     In claim one, Bringus asserts a denial of due process and fair trial when the jury found the petitioner guilty despite the alleged concession of the prosecutor that there was reasonable doubt. In support, he claims that the transcript was altered to delete the prosecutor's admission. I can find no place where this claim was "fairly" presented to the state courts and I conclude that this claim is procedurally defaulted. In addition, Bringus has not shown an excuse for the default.

     Furthermore, and no matter the standard of review, the evidence presented at trial was clearly sufficient (as the Nebraska Court of Appeals carefully explained) to support a conviction on all three charges when judged against federal due process

standards. (Filing 11-5 at CM/ECF pages 52-55.) Thus, petitioner cannot prevail on the merits of this claim no matter how it might be construed.

Finally, the suggestion that the record has been improperly altered to omit the prosecutor's alleged admission is fanciful. See, e.g., Petition of Doe, 207 F.3d 1102, 1103 (8th Cir. 2000) (complaint of judicial misconduct would be dismissed when charges, including that certain judges informed the state attorney general that it was allowed to falsify and destroy evidence in order to deprive petitioner of habeas corpus relief, were fanciful and incredible on their face). In fact, the transcript establishes that the prosecutor clearly argued that "the State has shown beyond a reasonable doubt that the defendant did these things and he is guilty." (Filing 10-9 at CM/ECF page 59.) The record also establishes that the prosecutor used a large scratch pad to illustrate why he thought there was no reasonable doubt. (Filing 10-3 at CM/ECF pages 66-68 (testimony of Bringus' appointed trial counsel at post-conviction hearing).) Those scribbles were not preserved. Id. That is neither unusual nor improper. In any case, no federal interest is implicated.

### *Claim 2*

In claim two, Bringus attacks his post-conviction counsel. I have previously dismissed this claim because 28 U.S.C. § 2254 does not reach errors by post-conviction counsel.

### *Claim 3*

In this claim, Bringus asserts ineffective assistance of trial counsel in failing to investigate, object to evidence, depose witnesses, call a witness, cross-examine and file a timely motion for new trial. The Nebraska Court of Appeals considered a "blizzard" of ineffective assistance of counsel claims. (Filing 11-5 at CM/ECF pages 46-48.) It is not entirely clear, however, whether the Nebraska Court of Appeals

-9-

resolved these arguments on the merits.  In fact, the trial judge held an evidentiary hearing because she was uncertain about whether the Court of Appeals had resolved those questions on the merits.  (Filing 11-9 at CM/ECF page 4 at ¶ 5.)

In any event, in the post-conviction proceedings, it is clear that the trial judge carefully considered a wide array of ineffective assistance of counsel assertions, and it is also clear that she denied many of them on the merits.  (Filing 11-9 at CM/ECF pages, and CM/ECF pages 32-34.)  To the extent that this claim has been fairly presented to the Nebraska courts (and, for the most part, I think it has), the deferential standard of review clearly requires denial of the petitioner's claim.

Even applying a de novo standard of review, Bringus has not come close to establishing that trial counsel was constitutionally deficient or that he was prejudiced by some supposed error.   Indeed, if the record establishes anything, it proves that Bringus is a very difficult client who is nearly impossible to please.

### *Claim 4*

 Bringus asserts that the post-conviction proceedings were unfair.  I previously dismissed this assertion because 28 U.S.C. § 2254 does not reach this type of a claim.

### *Claim 5*

Bringus claims a denial of his right to due process and his right to a jury trial as a result of a defective jury instruction.   This claim (or some variation of it) was presented to the Nebraska Court of Appeals and denied in a carefully reasoned opinion.  (Filing 11-5 at CM/ECF pages 48-51.)  As for the federal component of the claim, and when viewed in light of the proper standard of review, there is no basis for disagreeing with the Nebraska Court of Appeals.

It is worth noting that 28 U.S.C. § 2254 gives me no power to decide state law jury instruction questions.   Thus, even if the trial judge gave an incorrect jury instruction when viewed from the sole perspective of state law, I would have no power to correct that error.

### Claim 6

In this claim, the petitioner asserts a denial of due process because the jury deliberated less than 1 hour.   The Nebraska Court of Appeals reviewed this claim, and concluded that the fact that the jury deliberated only 48 minutes did not establish a violation of the petitioner's rights because of "the evidence arrayed against Bringus[.]" (Filing 11-5 at CM/ECF pages 51-52.)   Given the deferential standard of review, there is no basis for disagreeing with the carefully reasoned opinion of the Nebraska Court of Appeals.

### Claim 7

In this claim, Bringus asserts that his constitutional rights were violated because he was convicted of possession of a firearm on insufficient evidence.   As noted earlier, the Nebraska Court of Appeals carefully reviewed the sufficiency of the evidence, and found that there was more than enough evidence to support the convictions.   To the extent that this is a federal claim, and applying the appropriate standard of review, there is no room for disagreement.   In passing, I note that the Nebraska Court of Appeals observed that Bringus' argument regarding the gun charge "borders on the frivolous."  (Filing 11-5 at CM/ECF page 54.)

### Claims 8 and 9

In these claims, the petitioner asserts a denial of due process and a fair trial regarding the denial of motions to suppress statements and evidence and in the

admission of that evidence. The Nebraska Court of Appeals carefully reviewed these arguments, and found them wanting. (Filing 11-5 at CM/ECF pages 42-46.) To the extent that these are federal claims, and given the appropriate standard of review, there is no basis for disagreeing with the Nebraska courts.

### Claim 10

This claim relates to the failure to grant a motion for a trial continuance. I cannot find where that claim was presented to the state courts. The claim was not presented on direct appeal. The respondent suggests (filing 19 at CM/ECF page 19 and filing 23 at CM/ECF page 7) that the claim was presented in the state post-conviction proceedings, but I cannot find it in the petitioner's state court pleadings (filing 11-8 at CM/ECF pages 46-53 (state post-conviction motion)) or in the judge's rulings. (Filing 11-9 at CM/ECF pages 3-4, and CM/ECF pages 32-34.)

I conclude that this claim has been procedurally defaulted. Bringus has not come close to establishing "cause and prejudice" for failing to raise this issue at the earliest opportunity. He is certainly not "actually innocent." Finally, given the overwhelming evidence against Bringus, and his failure to make a showing of prejudice, the claim is without merit no matter what standard of review is applied. See, e.g., McMiller v. Lockhart, 915 F.2d 368, 372 (8th Cir.1990) (affirming denial of petition; a habeas petitioner's due process claim founded on denial of a motion for continuance of his criminal trial was judged against "fundamental fairness" and "abuse of discretion" standards, in light of the circumstances of the case), cert. denied, 498 U.S. 1108 (1991).

### III. CONCLUSION

The Nebraska courts scrupulously safeguarded the petitioner's constitutional rights. As a result, Bringus is not entitled to relief in federal court. Therefore,

IT IS ORDERED that the petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254 (filing 1) is denied.   By separate document, judgment will be entered dismissing the petition with prejudice.

March 2, 2007.                                    BY THE COURT:

                                                 *s/ Richard G. Kopf*
                                                 United States District Judge